IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 07-21660-CIV-MOORE/GARBER

KHALED FATAYER,

    Petitioner,

vs.

LINDA SWACINA, DISTRICT DIRECTOR,
UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES (CIS),
DISTRICT OF FLORIDA, et al.,

    Respondents.
_____/

**CLOSED CIVIL CASE**

## ORDER GRANTING IN PART RESPONDENTS' MOTIONS TO DISMISS OR TO TRANSFER CASE TO MIDDLE DISTRICT OF FLORIDA

THIS CAUSE came before the Court upon Respondents' Motion to Dismiss or to Transfer Case to Middle District of Florida (DE # 6).

UPON CONSIDERATION of the Motion, the record, and being otherwise fully advised in the premises, the Court enters the following Order.

Petitioner brings this Petition for Hearing on Naturalization Application (DE # 1) pursuant to 8 U.S.C. § 1447. Section 1447(b) grants United States District Courts jurisdiction to hear such Petitions as follows:

> If there is a failure to make a determination [on an applicant's naturalization application] under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply <u>to the United States district court for the district in which the applicant resides</u> for a hearing on the matter. <u>Such court has jurisdiction over the matter</u> and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the

matter.

8 U.S.C. § 1447(b) (emphasis added). Literally, this section grants jurisdiction over this matter only to "such court" as is "the United States district court for the district in which the applicant resides." Id.; Dahan v. U.S. Atty. Gen., No. 06-Civ-3675, 2006 WL 2380388, at *1–2 (S.D.N.Y. 2006) (holding that venue is improper if it is not the district in which the Petitioner resides). The district in which Petitioner resides is the Middle District of Florida; therefore, the Court properly granted jurisdiction over this petition is the United States district court for the Middle District of Florida.

Petitioner argues that 28 U.S.C. § 1391 (e) allows a civil action to be brought in any judicial district in which "a defendant in the action resides." 28 U.S.C. § 1391 (e)(1). Petitioner argues that because the District Director of the Citizenship and Immigration Service maintains her principal place of business in Miami, Florida, that jurisdiction is appropriate in the Southern District of Florida. However, this is the case "except as otherwise provided by law." 28 U.S.C. § 1391 (e). The jurisdiction granting statute for these petitions limits jurisdiction to the district in which the applicant resides; therefore, this case should be transferred to the Middle District of Florida which is the proper venue to hear this Petition.

Therefore, it is

ORDERED AND ADJUDGED that Respondents' Motion to Dismiss or to Transfer Case to Middle District of Florida (DE # 6) is GRANTED IN PART. To the extent the Motion requests that the Petition be dismissed, it is DENIED. To the extent the Motion requests that this action be transferred to the United States district court for the Middle District of Florida, the Motion is GRANTED. The Clerk is hereby directed to transfer this case to the United States

district court for the Middle District of Florida. It is further

ORDERED AND ADJUDGED that the Clerk of Court shall CLOSE this case in the Southern District of Florida. All pending motions not yet ruled upon are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 13th day of August, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record